UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHENS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. FELDER,<br><br>        Defendant. | No. 2:24-cv-1713 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, the Court recommends that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g). It is also recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

I. THREE STRIKES RULE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However, 28 U.S.C. § 1915(g) states:

////

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."

2

Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II. PLAINTIFF'S PRIOR STRIKES

Court records reveal that on June 20, 2008, in the Southern District of California, plaintiff was declared a three-strikes litigant in Stephen v. Hernandez. Case No. 3:08-cv0750 BEN BLM ("Stephen I") (S.D. Cal. June 20, 2008).[1] In that case, the court determined that the following actions previously filed by plaintiff constituted strikes:

--Stephen v. Lacy, Case No. 2:93-cv-5032 UA (C.D. Cal. Aug. 23, 1993) (dismissed for failure to state a claim), aff'd, Case No. 93-56312, 1995 WL 72353 (9th Cir. Feb. 22, 1995);

--Stephen v. Zulfacur, Case No. 3:93-cv-1943 R RBB (S.D. Cal. Apr. 19, 1994) (dismissed for failure to state a claim);

--Stephen v. Shelar, Case No. 3:06-cv-1054 LAB WMC (S.D. Cal. Aug. 31, 2006) (dismissed for failure to state a claim);

--Stephen v. Hernandez, Case No. 3:06-cv-0171 L WMC (S.D. Cal. Oct. 11, 2006) (dismissed for failure to state a claim);

--Stephen v. Marshal, Case No. 2:07-cv-5337 UA SH (C.D. Cal. Oct. 4, 2007) (dismissed as frivolous); and

--Stephen v. IRS, No. 3:07-cv-2112 LAB BLM (S.D. Cal. Dec. 4, 2007) (dismissed as frivolous).

See Stephen I (ECF No. 4 at 2-3).

The Court takes judicial notice of the lawsuits set forth above as well as the findings of the court in Stephen I.[2] Each prior case was dismissed well before the instant action was filed in June 2024, and none of the strikes have been overturned. Thus, the Court finds that plaintiff is

---

[1] In Stephen I and in the cases listed as strikes, Plaintiff identifies himself as "Jimmie Stephen," and not "Jimmie Stephens." However, a search of plaintiff's state prison identification number indicates that "Jimmie Stephen" and "Jimmie Stephens" are the same individual.

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

III. IMMINENT DANGER

Plaintiff appears to claim that defendant M. Felder, Chief Medical Executive ("CME") at California State Prison, Solano, is being deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. In his supporting facts, plaintiff alleges that he is "still subjected to risk of harm by Dr. Felder choosing an alternative treatment to the treatment ordered by urologist Dr. Hsieh which Dr. Felder denied on August 20, 2022." (ECF No. 1 at 7.) It appears plaintiff had radiation treatment for prostate cancer, and he believes he should have been treated for benign prostate hyperplasia ("BPH") and erectile dysfunction ("ED") together to avoid risks of clogged blood vessels, Deep Vein Thrombosis ("DVT"), colostomy bags, bladder removal, and resection of the anus and colon. (ECF No. 1 at 3.)

The allegations in plaintiff's complaint demonstrate that he seeks the imminent danger exception to the three-strikes rule on the basis of the facts supporting his claim for relief. Therefore, the nexus requirement is satisfied. See Ray, 31 F.4th at 695.

However, plaintiff's allegations regarding his continuing dispute over his medical care fail to demonstrate he faced an imminent danger of serious physical injury at the time he filed the instant action on June 14, 2024. Plaintiff alleges that because he had radiation treatment for prostate cancer, and on August 20, 2022, defendant denied the treatment recommended by Dr. Hsieh, plaintiff faces additional risks of physical injury. Such allegations are conclusory and speculative and therefore do not support an exception to the three strikes rule. See Andrews, 493 F.3d at 1057 n.11.[3] This Court's finding that plaintiff fails to meet the imminent danger exception is further informed by reviewing plaintiff's two prior complaints filed in this district, both of which contain similar allegations to those raised herein.

////

---

[3] Moreover, differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

Stephens v. Felder, Case No. 2:22-cv-1791 DAD EFB (E.D. Cal.)

On October 11, 2022, plaintiff filed a complaint alleging that several doctors recommended sildenafil to manage side effects from the radiation therapy for prostate cancer, but defendants Felder and Gates denied plaintiff the medication because it is a non-formulary drug. Stephens v. Felder, Case No. 2:22-cv-1791 DAD EFB (E.D. Cal.) (ECF No. 1). Plaintiff alleged that without sildenafil he was at risk of poor blood flow and blood clots. Id. In its screening order, the court found that plaintiff alleged imminent danger concerning his need for a medication called sildenafil but failed to allege facts showing each defendant responded to plaintiff's serious medical needs with deliberate indifference. Id. (Dec. 12, 2022 Order at 3). Plaintiff was granted leave to amend.

Plaintiff filed an amended complaint renewing his claim that sildenafil was denied. Id. (ECF No. 8). However, the court found plaintiff "failed to include facts that illustrate his conclusory claims that defendant Felder 'willfully, intentionally, denied, delayed' treatment for plaintiff's radiation therapy side effects by denying a prescription for sildenafil," and failed to show any defendant knew plaintiff faced a substantial risk of serious harm if not provided sildenafil. Id. (Mar. 30, 2023 Order at 3). Plaintiff's amended complaint was dismissed with leave to amend. Id.

With his second amended complaint, plaintiff provided pertinent medical records and grievance responses. Id. (ECF No. 15). On May 16, 2022, plaintiff was seen by Dr. Hsieh, who noted that plaintiff was diagnosed with prostate cancer in 2019. Id. (ECF No. 15 at 16). Plaintiff completed radiation therapy in May 2020. Id. His last prostate-specific antigen ("PSA") was 0.65, and there was "no evidence of disease. He has erectile dysfunction." Id. Plaintiff also complained of hemorrhoids. Id. Dr. Hsieh recommended sildenafil 100 mg for plaintiff's erectile dysfunction. Id. (ECF No. 15 at 17). On September 19, 2022, plaintiff presented to clinic requesting the sildenafil; he was awaiting a colonoscopy given a positive fit test and reported that "he thinks the blood is coming from his hemorrhoids." Id. (ECF No. 15 at 18). During the grievance process, on May 13, 2022, plaintiff was advised that "treatment for erectile dysfunction is not medically necessary per California Code of Regulations, Title 15, Section 3999.200." Id.

5

(ECF No. 15 at 22).  As of September 8, 2022, plaintiff was enrolled in the Chronic Care Program, where he received repeat PSA tests and had an active order for terazosin for benign prostate hyperplasia management.  Id. (ECF No. 15 at 41).

On August 18, 2023, the assigned magistrate judge recommended that the action be dismissed, noting that plaintiff provided letters from both defendants Felder and Gates stating, respectively, "Viagra is not medically necessary . . . at this time," and "treatment for erectile dysfunction is not medically necessary" under prison regulations, and plaintiff's primary care provider "did not document a current condition that meets the criteria for non-formulary use of sildenafil."  Id. (ECF No. 17 at 2-3, quoting ECF No. 15 at 23, 31).  On January 25, 2024, the district court adopted the findings and recommendations in full.  Id. (ECF No. 21).  Plaintiff filed an appeal, which was dismissed on May 23, 2024.  Id. (ECF No. 26).

Stephens v. Bragg, Case No. 2:23-cv-1172 KJM AC (E.D. Cal.)

On June 13, 2023, plaintiff filed a complaint alleging deliberate indifference to plaintiff's serious medical needs and retaliation.  Stephens v. Bragg, Case No. 2:23-cv-1172 KJM AC (E.D. Cal.) (ECF No. 1).  The assigned magistrate judge found that the past act of retaliation could not support the imminent danger exception, and that plaintiff's medical care allegations failed to meet his burden under § 1915(g).  Id. (June 27, 2023 Findings and Recommendations at 4).  Plaintiff claimed that because he had prostate cancer in 2019, the failure to provide certain follow up care is life-threatening.  The judge found that "[b]eing a 'high risk' patient . . . is not the same thing as facing imminent harm."  Id.  Plaintiff alleged his medical treatment was inadequate, that doctors wrongly attributed his bleeding to hemorrhoids or prostatitis when he might be facing death, and appeared to believe he still had cancer, but provided no facts to support such belief.  Id. at 4-5.  The judge found that plaintiff's ongoing dispute about his proper medical treatment did not put plaintiff in imminent danger of serious physical injury and recommended that his request to proceed in forma pauperis be denied.  Id. at 5.  On October 4, 2023, the district court adopted the findings and recommendations in full.  Id. (ECF No. 16).  Plaintiff filed an appeal, which was dismissed on May 22, 2024.  Id. (ECF No. 23).

////

Conclusion

While plaintiff continues to dispute the medical treatment provided by defendant Felder, plaintiff fails to demonstrate that his continuing dispute about the appropriate medical treatment following plaintiff's radiation therapy for prostate cancer put plaintiff in imminent danger of serious physical injury at the time he filed this action on June 14, 2024. Rather, plaintiff continues to speculate as to what might happen if he is not provided the medication for his erectile dysfunction. This is insufficient to meet his burden under 28 U.S.C. § 1915(g). Therefore, it is recommended that plaintiff's application to proceed in forma pauperis be denied, and plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 24, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/step1713.56.1915