UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHENS, | No. 2:24-cv-1713 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| M. FEDDER, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding in forma pauperis, and is housed at California State Prison, Solano, in Vacaville, California. On July 1, 2024, plaintiff filed a document titled: "'RECONSIDERATION REQUESTED' 'IMMINENT DANGER' IN PARTS 'BOTH COMPLAINTS' AND 'ILLEGAL STRIKES.' 1. As well as Strikes under PLRA, are 'INVALID' .. Lightner 143 F.3d 1210.. (9th 1988) ..Strikes are not Retroactive.  2. Magistra Reconsideration, when CV-24-01785-CSK pertains the 'NEW EVIDENCE' on 'STRIKES.. Bounds 430 US 817 .. Access Court.." (ECF No. 7 at 1 (emphasis in original).)  As discussed below, plaintiff's July 1, 2024 request is unclear, but to the extent he intended to seek reconsideration under Local Rule 230(j) directed to this Court, such request is denied without prejudice.

///

1

I. Plaintiff's Request

Although plaintiff filed his July 1, 2024 request in this court and included the instant case number, plaintiff's filing is captioned "Court of Appeals 9th Circuit State of California."[1] (ECF No. 7 at 1.) Plaintiff identifies himself as an appellant, and claims he is responding to a Ninth Circuit panel, but he provides no case number for a case filed in the Ninth Circuit, and his proof of service does not indicate he served the Ninth Circuit. (Id.)

Plaintiff also provided a notice of electronic filing from his earlier case, Stephens v. Felder, Case No. 2:22-cv-1791 EFB (E.D. Cal.), in which plaintiff had filed an appeal. (ECF No. 7 at 5.) It is unclear whether plaintiff may have intended his filing to be directed to the Ninth Circuit panel reviewing his appeal of Case No. 22-cv-1791 EFB. But at the time plaintiff signed the July 1, 2024 request, his appeal had been dismissed. Stephens v. Felder, Case No. 24-653 (9th Cir. May 23, 2024).[2]

II. Governing Standards

Under the court's inherent power to reconsider and modify its orders entered before entry of judgment, the court may reconsider its prior ruling. Smith v. Massachusetts, 543 U.S. 462, 475 (2005). Reconsideration is an "extraordinary remedy, to be used sparingly." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises, 229 F.3d at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

In addition, under Local Rule 230(j), applications for reconsideration require plaintiff to set forth material facts and circumstances, including:

> (1) when and to what Judge or Magistrate Judge the prior motion was

---

[1] Plaintiff also cited his newer case, Stephens v. J. Shaffer, Case No. 2:24-cv-1785 CSK P (E.D. Cal.). (ECF No. 7 at 1.) However, in Stephens v. J. Shaffer, no order has been issued. Id.

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

        made;

        (2) what ruling, decision, or order was made thereon;

        (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and

        (4) why the facts or circumstances were not shown at the time of the prior motion.

Local Rule 230(j).

III.    <u>Discussion</u>

As described above, plaintiff's request is not clear and does not identify the relief sought from this Court. Plaintiff does not set forth any newly discovered evidence, a particular ruling he contends was erroneous, or recent changes in the law governing 28 U.S.C. § 1915(g) issues. <u>See</u> <u>Kona Enterprises</u>, 229 F.3d at 890. Plaintiff also does not address the required elements of Local Rule 230(j). The Court therefore cannot grant plaintiff's request.

In addition, although filed on July 1, 2024, plaintiff's typewritten, six page request was signed and mailed on June 27, 2024, and does not mention or address the June 25, 2024 findings and recommendations. The pending findings and recommendations were filed and served on plaintiff on June 25, 2024. Only two days later, on July 3, 2024, plaintiff separately filed his written objections to the June 25, 2024 findings and recommendations,[3] which is the appropriate procedure for plaintiff to challenge the findings and recommendations. (ECF No. 8.) Therefore, the Court does not construe plaintiff's July 1 filing as a request to reconsider the pending June 25, 2024 findings and recommendations. Because the district court will conduct a de novo review of the record in its review of the June 25, 2024 findings and recommendations, 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the district court may opt to consider plaintiff's July 1, 2024 filing as supplemental objections.

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 1, 2024 request (ECF No. 7), to the extent it was intended to be a request for reconsideration under Local Rule 230(j)

---

[3] The Court observes that plaintiff refers to "new evidence, CV-22-1791-EFB," in his objections. (ECF No. 8 at 1.)

directed to this Court, is denied without prejudice.

Dated: July 12, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/step1713.rec.den